

**FILED**
DEC 23 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TRAVIS VEAL, TUCKER VEAL, and JACQUELYN WATSON, Individually and on behalf of J.E.W.V a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> COLTON JAMES HIXON, an Individual South Dakota resident, and GENERAL MOTORS LLC. and GENERAL MOTORS COMPANY, a Delaware Corporation, Individually, and jointly, and Severally, <br><br> Defendants. | CIVILE FILE NO.: 16-5118 <br><br> **COMPLAINT** |

COME NOW the Plaintiffs, by and through legal counsel, and for their cause of action against the above-named Defendants states and alleges as follows:

## GENERAL ALLEGATIONS

1.   At the time of the accident described herein, Plaintiffs Travis Veal, Jacquelyn Watson aka Jacquelyn Watson Veal and Tucker Veal were residents of the City of Bison, Perkins County, State of South Dakota.

2.   Plaintiff Jacquelyn Watson is the natural mother of J.E.W.V. and was been appointed as Guardian Ad Litem on September 16, 2014 for J.E.W.V., a minor for whose benefit Plaintiff Jacquelyn Watson is also bringing this action.

3.   At all times material hereto, Defendant Colton James Hixon was a resident of the

1

City of Spearfish, County of Lawrence, State of South Dakota.

4. At all times material hereto, Defendant General Motors LLC, Inc. and General Motors Company, and (hereinafter "GM") and its subsidiaries, was and is a Delaware Corporation, in good standing, authorized and qualified to do business in the State of South Dakota.

5. Defendant GM designed, manufactured, marketed and sold the 2010 Chevrolet Malibu (VIN #1G1ZC5EB2AF198254) (hereinafter "Malibu"), to Plaintiff approximately on February 2, 2011.

## JURISDICTION

6. This Court has jurisdiction over the subject matter and the parties.

7. That this Court has both subject matter and personal jurisdiction over the parties in that Defendant General Motors of Delaware sold, marketed, and transacted private business in selling its Chevrolet Malibu to Plaintiffs. The Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs' claims exceed the jurisdictional amount requirement and this Court has both subject matter and personal jurisdiction over the matter in that the subject accident occurred in Spearfish, Lawrence County, South Dakota.

**COUNT I-NEGLIGENCE OF DEFENDANT HIXON**

Plaintiffs hereby incorporate paragraphs 1-8 of this Complaint, as if fully set forth herein.

8. On March 21, 2014 at approximately 5:17 pm, Plaintiffs Travis Veal, Jacquelyn Veal, Tucker Veal and J.V., were driving in a 2010 Chevrolet Malibu and were on their way home to Bison, Perkins County, South Dakota. The Plaintiffs were on Interstate I-90 heading West, in Spearfish, Lawrence County, South Dakota, when Plaintiff Travis Veal noticed an accident in front

2

of them, on I-90 and began to slow down to stop. A Ford F-250 pickup truck driven by Defendant Colton James Hixon slammed into the rearend of the Plaintiff's Chevrolet Malibu pushing the trunk forward and shattering the window where his children, Tucker Veal and J.E.W.V, restrained, were sitting in the backseat of the vehicle. The Plaintiffs' vehicle crossed the left lane and ended up in the median.

9. As the momentum of the initial rearend collision pushed and forced the Veal vehicle toward the steep highway ditch on Interstate Highway I-90, and when Plaintiff Travis Veal was trying to regain some control over the vehicle, the vehicle's steering wheel and steering column broke off immediately upon impact from the rear, from its appropriate mounted location on the driver's side of the dashboard. This fact left Plaintiff Travis Veal with no means to control the car as it sped toward and into the ditch area banging into snow banks on the way. This caused further extreme fright, anxiety, emotional distress, worry, frustration, and mental anguish to all Plaintiffs. And in all reasonable likelihood, resulted in further physical and emotional damage to all Plaintiffs.

10. Due to the negligence of the driver of the F-250 pickup truck Defendant Colton James Hixon, the family sustained, back, shoulder, knee, abdomen, neck and head injuries, and emotional and mental injuries and other consequential bodily injury damages and property damages.

11. Plaintiff Travis Veal has suffered past medical expenses in an amount of at least $15,000.00. Plaintiff Travis Veal has suffered loss of wages in an amount in excess of $1,000.

12. Plaintiff Jacqueline Watston has suffered past medical expenses in an amount of at least $8,000.00.

13. Plaintiff Tucker Veal has suffered past medical expenses in an amount of at least $14,000.00.

14. Plaintiff J.E.W.V. has suffered past medical expenses in an amount of at least $1,500.00.

15. Plaintiffs did not in any way, cause, nor contribute to the aforementioned accident. Had it not been for the negligence of the Defendant Hixon, Plaintiffs would not have sustained any injury, damage or loss.

16. As a proximate result of one or more of the above-mentioned negligent acts of Defendant Hixon, Plaintiffs Travis Veal, Jacquelyn Watson, Tucker Veal and J.E.W.V. suffered damages. Damages include, but are not limited to, physical injury, permanent impairment, medical expense, mental health counseling expense, pain and suffering, mental anguish, scarring, anxiety, worry, frustration, medical mileage, credit damage, embarrassment, fright, emotional distress, humiliation, loss of opportunity, and loss of enjoyment of life, and in the future will cause Plaintiffs' to incur medical expense, and/or mental health counseling which were directly and proximately caused by the negligence of the Defendant Hixon.

17. Plaintiffs request the court to allow the jury in its discretion, to award Plaintiffs interest on the entire amount of their losses from the date of the accident to the time of the jury decision on damages.

## COUNT II-BYSTANDER CLAIMS AGAINST DEFENDANT HIXON

Plaintiffs specifically incorporate the statements and allegations made in paragraphs 1-17 as set forth above.

18. Since all Plaintiffs witnessed the bodily injury of the other family members within the zone of danger during said collision, and since they are all family, the Plaintiffs were bystanders to each other's injuries and were thereby damaged physically and emotionally as a proximate result

of Defendant Hixon's negligence in causing the accident, and for Plaintiffs having to witness the bodily and emotional injury and damage to the other members of the family.

WHEREFORE, the Plaintiffs, by and through counsel, pray for a judgment in an amount which will reasonably compensate them for physical injury, permanent impairment, medical expense, pain and suffering, mental anguish, emotional distress, worry, anxiety, fear, humiliation, property damage, embarrassment, credit damage, scarring, and loss of enjoyment of life, and in the future will cause Plaintiffs' to incur medical and/or mental health counseling expense, pain, suffering, mental anguish, loss of opportunity and loss of enjoyment of life, lost wages, loss of household services and property damages including loss of use of said vehicle, actual expenses incurred incidental to the said injuries and to the procuring of said treatment to the date of trial, and prejudgment interest on medical bills, property damage and other special damages.

## COUNT III-NEGLIGENCE OF GENERAL MOTORS, LLC., INC.

Plaintiffs hereby incorporate paragraphs 1-18 of this Complaint, as if fully set forth herein.

19.     Defendant GM was negligent and careless regarding the design, testing, and marketing of the Chevrolet Malibu by failing to incorporate reasonable engineering principles to either minimize or eliminate the Malibu steering wheel from breaking off and becoming uncontrollable and unstable during the motor vehicle accident.

20.     Defendant GM was negligent and careless regarding the design, testing, and marketing of the Chevrolet Malibu by failing to incorporate reasonable engineering principles regarding occupant protection in the event the Malibu was in a motor vehicle accident.

21.     As the momentum of the initial rearend collision pushed and forced the Veal vehicle toward the steep highway ditch on Interstate Highway I-90, and when Plaintiff Travis Veal was

trying to regain some control over the vehicle, the vehicle's steering wheel and steering column broke off immediately upon impact from the rear, from its appropriate mounted location on the driver's side of the dashboard. This fact left Plaintiff Travis Veal with no means to control the car as it sped toward and into the ditch area banging into snow banks on the way. This caused further extreme fright, anxiety, emotional distress, worry, frustration, and mental anguish to all Plaintiffs. And in all reasonable likelihood, resulted in further physical and emotional damage to all Plaintiffs.

22. Due to the negligence of Defendant G.M. the family sustained, back, shoulder, knee, abdomen, neck and head injuries, and emotional and mental injuries and damages.

23. Plaintiff Travis Veal has suffered past medical expenses in an amount of at least $15,000.00. Plaintiff Travis Veal has suffered loss of wages in an amount in excess of $1,000.

24. Plaintiff Jacqueline Watson has suffered past medical expenses in an amount of at least $8,000.00.

25. Plaintiff Tucker Veal has suffered past medical expenses in an amount of at least $14,000.00.

26. Plaintiff J.E.W.V. has suffered past medical and mental health counseling expenses in an amount of at least $1,500.00.

27. As a proximate result of one or more of the above-mentioned negligent acts of Defendant GM, Plaintiffs Travis Veal, Jacquelyn Watson, Tucker Veal and J.E.M.V suffered damages. Damages include, but are not limited to, physical injury, permanent impairment, medical expense, pain and suffering, mental anguish, worry, anxiety, fear, humiliation, embarrassment, credit damage, scarring, and loss of enjoyment of life, and in the future will cause Plaintiffs' to incur

medical expense, mental health counseling expense, pain, suffering, mental anguish, and loss of enjoyment of life, which were proximately caused by the negligence of the Defendant.

28. The unreasonably dangerous conditions of the Malibu constituted oppressive, fraudulent, malicious conduct and willful and wanton misconduct in disregard for the safety of the Plaintiffs. Accordingly, a judgment of punitive damages should be imposed to deter the conduct of Defendant GM, in an amount to be determined by a jury according the net worth of Defendant G.M..

### COUNT IV-STRICT LIABILITY: GM

Plaintiffs hereby incorporate paragraphs 1-28 of this Complaint, as if fully set forth herein.

29. Prior to February 2, 2011, the steering wheel column was placed in the stream of commerce by Defendant GM.

30. Defendant GM placed the steering wheel column with unreasonably dangerous conditions, which rendered the steering wheel column into the stream of commerce with unreasonably dangerous conditions, which rendered the steering wheel column unreasonably dangerous to Plaintiffs.

31. The unreasonably dangerous condition was a producing and/or contributing cause of the serious injury to the Plaintiffs.

32. As a proximate result of one or more of the above-mentioned acts of Defendant GM, Plaintiff Travis Veal has suffered damages. Damages include, but are not limited to, physical injury, permanent impairment, medical expense, pain and suffering, mental anguish, fright, anxiety, worry, frustration, humiliation, embarrassment, credit damage, scarring, loss of opportunity, and loss of capacity of the enjoyment of life, and in future will cause Travis Veal to

incur medical expense, pain and suffering, mental anguish, and loss of capacity of the enjoyment of life, which were proximately caused by the negligence of the Defendant GM.

33. As a proximate result of one or more of the above-mentioned acts of Defendant GM, Plaintiff Jacqueline Watson has suffered damages. Damages include, but are not limited to, physical injury, permanent impairment, disability, medical and/or mental health counseling, expense, pain and suffering, mental anguish, fright, anxiety, worry, frustration, humiliation, embarrassment, credit damage, scarring, loss of opportunity, and loss of capacity of the enjoyment of life, and in future will cause Jacqueline Watson to incur medical expense, pain and suffering, mental anguish, and loss of capacity of the enjoyment of life, which were proximately caused by the negligence of the Defendant GM.

34. As a proximate result of one or more of the above-mentioned acts of Defendant GM, Plaintiff Tucker Veal has suffered damages. Damages include, but are not limited to, physical injury, permanent impairment, medical expense, pain and suffering, mental anguish, fright, anxiety, worry, frustration, humiliation, embarrassment, credit damage, scarring, loss of opportunity, and loss of capacity of the enjoyment of life, and in future will cause Tucker Veal to incur medical expense, pain and suffering, mental anguish, and loss of capacity of the enjoyment of life, which were proximately caused by the negligence of the Defendant GM.

35. As a proximate result of one or more of the above-mentioned acts of Defendants GM, Plaintiff J.E.W.V. has suffered damages. Damages include, but are not limited to, physical injury, permanent impairment, medical expense and/or mental health counseling, pain and suffering, mental anguish, fright, anxiety, worry, frustration, humiliation, embarrassment, credit damage, scarring and loss of capacity of the enjoyment of life, and in future will cause J. E.W.V.

to incur medical and/or mental health counseling expense, pain and suffering, mental anguish, and loss of capacity of the enjoyment of life, which were proximately caused by the negligence of the Defendant GM.

## COUNT II-BYSTANDER CLAIMS AGAINST DEFENDANT G.M.

Plaintiffs specifically incorporate the statements and allegations made in paragraphs 1-35 as set forth above.

36. Since all Plaintiffs witnessed the bodily injury of the other within the zone of danger during said collision, and since they are all family, the Plaintiffs were bystanders to each other's injuries and were thereby damaged physically and emotionally as a proximate result of Defendant Hixon's negligence in causing the accident, for having to witness the bodily and emotional injury and damage to the other members of the family.

WHEREFORE, the Plaintiffs, by and through counsel, pray for a judgment against each of the named Defendant's in this case, individually, and jointly, and severally, in an amount which will reasonably compensate them for physical injury, disability, permanent impairment, medical and/or mental health counseling, expense, pain and suffering, mental anguish, worry, anxiety, fear, humiliation, embarrassment, credit damage, bystander claim losses, scarring, and loss of enjoyment of life, and in the future will cause Plaintiffs' to incur medical expense, pain, suffering, loss of opportunity, mental anguish, and loss of enjoyment of life, lost wages, loss of household services and property damages including loss of use of said vehicle, actual expenses incurred incidental to the said injuries and to the procuring of said treatment to the date of trial, and prejudgment interest on medical bills, property damage and other special damages.

WHEREFORE, Plaintiffs pray for a judgment against Defendant G.M. for punitive or

exemplary damages for General Motor's callousness, indifference, reckless disregard, strict liability, oppressiveness, in an amount to be determined by the jury with due consideration of Defendant General Motors' net worth.

Dated this 23rd day of December, 2016.

By: _____
Robin L. Zephier
Attorney for Plaintiff Travis Veal,
Jacqueline Watson, Tucker Veal and
J.E.W.V.
2020 W. Omaha Street
Rapid City, South Dakota 57702
(605) 342-0097

**PLAINTIFFS DEMAND TRIAL BY JURY**